## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **SONAL TRIVEDI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 19 CV 02328** |
| | ) | |
| **v.** | ) | **Honorable Elaine E. Bucklo** |
| | ) | |
| **KATALYST TECHNOLOGIES, INC.,** | ) | **Honorable Susan E. Cox, Magistrate** |
| **an Illinois Corporation** | ) | **Judge** |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |

### FIRST AMENDED COMPLAINT

NOW COMES the plaintiff Sonal Trivedi, by and through her attorneys, Favaro & Gorman, Ltd., and for her First Amended Complaint against Katalyst Technologies, Inc. states and alleges as follows:

### JURISDICTION AND VENUE

1.     The jurisdiction of this Court is invoked under the provisions of the Americans with Disabilities Act 42 U.S.C. §12/101(a) *et. seq.* ("ADA"), 28 U.S.C. §1331 (federal question), 28 U.S.C. §1343 (civil rights), 28 U.S.C. §1367(a) supplemental jurisdiction, the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.* ("IHRA") and Americans with Disabilities Act ("ADA") *et. seq.* 42 U.S.C. §12101 ("ADA") and 42 U.S.C. §12117(a).

2.     The unlawful employment practices described herein were committed within the State of Illinois, and defendant was located within, conducted business and employed Trivedi in the City of Northbrook, Cook County, Illinois.  Accordingly, venue in this Court is proper pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. §2000(e)(5)(f)(3).

## PROCEDURAL BACKGROUND

3.      On December 1, 2017, plaintiff, Sonal Trivedi ("Trivedi") filed a timely charge of discrimination in the Illinois Human Rights Department alleging disability discrimination. *See* Charge of Discrimination attached hereto as Exhibit "A" and made a part hereof. This charge was cross-filed with the U.S. Equal Employment Opportunity Commission.

4.      On January 4, 2019, the Illinois Department of Human Rights issued a Notice of Substantial Evidence which was received by Trivedi on January 8, 2019.

5.      Plaintiff filed her Complaint on April 5, 2019. Plaintiff received her Notice of Right to Sue (*Issued on Request*) from the U.S. Equal Employment Opportunity Commission on April 15, 2019.

6.      This Amended Complaint is timely filed.

## PARTIES

7.      At all times relevant hereto, Sonal Trivedi (hereinafter "Trivedi") was an individual residing in Chicago, Cook County, Illinois.

8.      At all times relevant hereto, Trivedi was an employee as defined by the Illinois Human Rights Act (775 ILCS 5/2-101 (A) and the Americans with Disabilities Act.

9.      At all times relevant hereto, defendant, Katalyst Technologies, Inc. (hereinafter, "Katalyst"), was an Illinois Corporation and an engineering consulting and staffing firm located and doing business in Evanston, Cook County, Illinois.

10.     At all times relevant hereto, Katalyst was an employer and covered entity as defined by the Illinois Human Rights Act (775 ILCS 5/2-101 (B) and the Americans with Disabilities Act (42 U.S.C. §12101 *et. seq.* ("ADA").

2

## FACTS

11.     On or about September 20, 2016, Trivedi was hired by Katalyst for the position of Director of Strategic Initiatives.

12.     On or about July 14, 2017, Trivedi made a request to Katalyst for unpaid leave to occur from July 15, 2017 to August 7, 2017 due to a protruding disc and the need for medical treatment related thereto.  Trivedi also requested that if her leave was not granted, as an alternative, she be allowed to work from home.

13.     At the time of her request for leave, Trivedi also revealed to Rahul Shah, CEO that she had undertaken an MRI which revealed she had a growth on her thyroid, and the test had come back positive for cancer.

14.     On or about July 17, 2017, Trivedi informed Rahul Shah, CEO and Shabha Shah, COO (Rahul Shah's wife), her cancer diagnosis was confirmed, and she would require treatment which would take 2-3 months.  She would also require surgery which was scheduled to take place on September 21, 2017.   She further stated she would be able to return to work within one week thereafter.

15.     On or about July 24, 2017, Trivedi made an inquiry about whether she had long term disability benefits.

16.     On or about July 26, 2017, Shabha Shah, requested that Trivedi return her company issued laptop computer.

17.     On or about July 28, 2017, Shabha Shah told Trivedi that her long term disability benefits would not be available to her, for the company did not offer them.

18.     On or about July 31, 2017, Trivedi informed the Shahs that she would need to be absent from work for medical treatment August 16-19, 2017 and August 30, 2017-September 2,

2017 for medical treatment related to her protruding disc. She also stated her thyroid cancer surgery was scheduled for September 21, 2017, and she would return to work one week thereafter.

19.     On or about August 1, 2017, Shobha Shah emailed Trivedi to inform her she was terminated effective August 7, 2017.  The stated reason was that she had not completed all of her tasks timely, and they needed help immediately.

## COUNT I

## LACK OF ACCOMMODATION FOR DISABILITY (CANCER)

### (Illinois Human Rights Act)

20.     Trivedi restates and realleges paragraphs 1 through 19 as though fully stated herein.

21.     Illinois Human Rights Act sections 775 ILCS 5/1-102(A) and 775 ILCS 5/2-102 make it unlawful to discriminate on the basis of disability.

22.     Katalyst, by and through its agents, representatives and/or employees harassed and discriminated against Trivedi on the basis of her actual or perceived disability.

23.     Katalyst was required to discuss and reasonably accommodate, if necessary, Trivedi's known or perceived disability.

24.     Trivedi was harmed as a result of Katalyst's severe and pervasive harassment and discrimination.

## COUNT II

## LACK OF ACCOMMODATION FOR DISABILITY (CANCER)

### (Americans with Disabilities Act)

25.     Trivedi restates and realleges paragraphs 1 through 19 as though fully stated herein.

26.     Trivedi is an otherwise qualified individual with a disability, or perceived disability, as defined in the ADA.

27.     Katalyst was required to discuss and reasonably accommodate, if necessary, Trivedi's known or perceived disability.

28.     Katalyst, by and through its agents, representatives and/or employees harassed and discriminated against Trivedi on the basis of her actual or perceived disability.

29.     Katalyst intentionally, willfully and/or with a knowing and/or reckless disregard for Trivedi's rights discriminated against her.

30.     As a direct and proximate consequence of Katalyst's unlawful and discriminatory treatment of Trivedi, she suffered, and continues to suffer, a loss of income, including salary and benefits, as well as physical and emotional pain, anguish and suffering.

## COUNT III

## LACK OF ACCOMMODATION FOR DISABILITY (PROTRUDING DISC)

### (Illinois Human Rights Act)

31.     Trivedi restates and realleges paragraphs 1 through 19 as though fully stated herein.

32.     Illinois Human Rights Act sections 775 ILCS 5/1-102(A) and 775 ILCS 5/2-102 make it unlawful to discriminate on the basis of disability.

33.     Katalyst, by and through its agents, representatives and/or employees harassed and discriminated against Trivedi on the basis of her actual or perceived disability.

34.     Katalyst was required to discuss and reasonably accommodate, if necessary, Trivedi's known or perceived disability.

35.     Trivedi was harmed as a result of Katalyst's severe and pervasive harassment and discrimination.

## COUNT IV

## LACK OF ACCOMMODATION FOR DISABILITY (PROTRUDING DISC)

### (Americans with Disabilities Act)

36.     Trivedi restates and realleges paragraphs 1 through 19 as though fully stated herein.

37.     Trivedi is an otherwise qualified individual with a disability, or perceived disability, as defined in the ADA.

38.     Katalyst was required to discuss and reasonably accommodate, if necessary, Trivedi's known or perceived disability.

39.     Katalyst, by and through its agents, representatives and/or employees harassed and discriminated against Trivedi on the basis of her actual or perceived disability.

40.     Katalyst intentionally, willfully and/or with a knowing and/or reckless disregard for Trivedi's rights discriminated against Trivedi.

41.     As a direct and proximate consequence of Katalyst's unlawful and discriminatory treatment of Trivedi, she suffered, and continues to suffer, a loss of income, including salary and benefits, as well as physical and emotional pain, anguish and suffering.

## COUNT V

## TERMINATION FOR DISABILITY (CANCER)

### (Illinois Human Rights Act)

42.     Trivedi restates and re-alleges paragraphs 1 through 19 above as though fully stated herein.

43.     Illinois Human Rights Act sections 775 ILCS 5/1-102(A) and 775 ILCS 5/2-102 make it unlawful to discriminate on the basis of disability.

44.     Katalyst by and through its agents, representatives and/or employees harassed and discriminated against Trivedi on the basis of her actual or perceived disability.

45.     Katalyst was required to discuss and reasonably accommodate, if necessary, Trivedi's known or perceived disability, but by its actions failed to do either, choosing instead to terminate Trivedi.

46.     Katalyst, by and through its agents, representatives and/or employees terminated Trivedi on the basis of her actual or perceived disability.

47.     Trivedi was harmed as a result of Katalyst's severe and pervasive harassment and discrimination.

## COUNT VI

## TERMINATION FOR DISABILITY (CANCER)

### (Americans with Disabilities Act)

48.     Trivedi restates and realleges paragraphs 1 through 19 as though fully stated herein.

49.     Trivedi is an otherwise qualified individual with a disability, or perceived disability, as defined in the ADA.

50.     Katalyst was required to discuss and reasonably accommodate, if necessary, Trivedi's known or perceived disability, but by its actions failed to do either, choosing instead to terminate Trivedi.

51.     Katalyst, by and through its agents, representatives and/or employees terminated Trivedi on the basis of her actual or perceived disability.

52.     Katalyst intentionally, willfully and/or with a knowing and/or reckless disregard for Trivedi's rights discriminated against Trivedi

7

53.     As a direct and proximate consequence of Katalyst's unlawful and discriminatory termination of Trivedi, she suffered, and continues to suffer, a loss of income, including salary and benefits, as well as physical and emotional pain, anguish and suffering.

## COUNT VII

### TERMINATION FOR DISABILITY (PROTRUDING DISC)

**(Illinois Human Rights Act)**

54.     Trivedi restates and realleges paragraphs 1 through 19 as though fully stated herein.

55.     Illinois Human Rights Act sections 775 ILCS 5/1-102(A) and 775 ILCS 5/2-102 make it unlawful to discriminate on the basis of disability.

56.     Katalyst, by and through its agents, representatives and/or employees harassed and discriminated against Trivedi on the basis of her actual or perceived disability culminating in her termination.

57.     Katalyst was required to discuss and reasonably accommodate, if necessary, Trivedi's known or perceived disability, but by its actions failed to do either, choosing instead to terminate Trivedi.

58.     Katalyst, by and through its agents, representatives and/or employees terminated Trivedi on the basis of her actual or perceived disability.

59.     Trivedi was harmed as a result of Katalyst's severe and pervasive harassment and discrimination.

## COUNT VIII

### TERMINATION FOR DISABILITY (PROTRUDING DISC)

**(Americans with Disabilities Act)**

60.     Trivedi restates and realleges paragraphs 1 through 19 as though fully stated herein.

8

61. Trivedi is an otherwise qualified individual with a disability, or perceived disability, as defined in the ADA.

62. Katalyst was required to discuss and reasonably accommodate, if necessary, Trivedi's known or perceived disability, but by its actions failed to do either, choosing instead to terminate Trivedi.

63. Katalyst, by and through its agents, representatives and/or employees terminated Trivedi on the basis of her actual or perceived disability.

64. Katalyst intentionally, willfully and/or with a knowing and/or reckless disregard for Trivedi's rights discriminated against Trivedi.

65. As a direct and proximate consequence of Katalyst's unlawful and discriminatory termination of Trivedi, she suffered, and continues to suffer, a loss of income, including salary and benefits, as well as physical and emotional pain, anguish and suffering.

## COUNT IX

## RETALIATION FOR REQUESTING ACCOMMODATION FOR DISABILITY (CANCER)

### (Illinois Human Rights Act)

66. Trivedi restates and realleges paragraphs 1 through 19 as though fully stated herein.

67. Trivedi is an otherwise qualified individual with a disability, or perceived disability, as defined by the Illinois Human Rights Act.

68. Katalyst was required to discuss and reasonably accommodate, if necessary, Trivedi' known or perceived disability, but by its actions failed to do either, choosing instead to terminate Trivedi.

9

69. Katalyst, by and through its agents, representatives and/or employees retaliated against Trivedi on the basis of her actual or perceived disability by discharging her from employment after she requested (as a result of her disabilities) an accommodation.

70. Katalyst, by its employees, engaged in discrimination/retaliation of Trivedi maliciously and with reckless indifference to her rights under the Illinois Human Rights Act, 775 ILCS 5/1-101 *et. seq.*

71. Trivedi's requests for accommodation were protected activities within the meaning of the Illinois Human Rights Act.

72. Katalyst's stated reasons for the actions taken against Trivedi were pre-textual.

73. Katalyst intentionally, knowingly and/or with reckless disregard for Trivedi's rights discriminated and retaliated against Trivedi.

74. The remarks and conduct directed toward Trivedi were made with malice or reckless indifference in violation of her rights under the Illinois Human Rights Act.

75. Trivedi has suffered and continues to suffer irreparable injury as a result of Katalyst's illegal retaliatory activity.

76. As a direct and proximate consequence of Katalyst's unlawful and discriminatory termination of Trivedi, she suffered and continues to suffer, a loss of income, including salary and benefits, as well as physical and emotional pain, anguish and suffering.

## COUNT X

## RETALIATION FOR REQUESTING ACCOMMODATION FOR DISABILITY (CANCER)

### (Americans with Disabilities Act)

77. Trivedi restates and realleges paragraphs 1 through 19 as though fully stated herein.

78. Katalyst is an employer and covered entity, as defined by the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* ("ADA").

79. Trivedi is an otherwise qualified individual with a disability, or perceived disability, as defined in the ADA.

80. Katalyst was required to discuss and reasonably accommodate, if necessary, Trivedi's known or perceived disability, but by its actions failed to do either, choosing instead to terminate Trivedi.

81. In July 2017, Trivedi requested accommodations in the form of time off from work or the ability to work from home. Within a short period of time after engaging in this protected activity, Katalyst, by and through its agents, representatives and/or employees retaliated against Trivedi by terminating her in response.

82. Katalyst intentionally, willfully and/or with a knowing and/or reckless disregard for Trivedi's rights discriminated against Trivedi.

83. As a direct and proximate consequence of Katalyst's unlawful and discriminatory termination of Trivedi, she suffered and continues to suffer, a loss of income, including salary and benefits, as well as physical and emotional pain, anguish and suffering.

## COUNT XI

## RETALIATION FOR REQUESTING ACCOMMODATION FOR DISABILITY (PROTRUDING DISC)

### (Illinois Human Rights Act)

84. Trivedi restates and realleges paragraphs 1 through 19 as though fully stated herein.

85. Trivedi is an otherwise qualified individual with a disability, or perceived disability, as defined by the Illinois Human Rights Act.

86.     Katalyst was required to discuss and reasonably accommodate, if necessary, Trivedi's known or perceived disability, but by its actions failed to do either, choosing instead to terminate Trivedi.

87.     Katalyst, by and through its agents, representatives and/or employees retaliated against Trivedi on the basis of her actual or perceived disability after she requested an accommodation in the form of time off from work.

88.     Katalyst, by its employees, engaged in discrimination of Trivedi maliciously and with reckless indifference to her rights under the Illinois Human Rights Act, 775 ILCS 5/1-101 *et. seq.*

89.     Trivedi's opposition to and objection about the aforesaid remarks, comments and conduct were protected activities within the meaning of the Illinois Human Rights Act.

90.     Katalyst's stated reasons for the actions taken against Trivedi were pre-textual.

91.     Katalyst intentionally, knowingly and/or with reckless disregard tor Trivedi' rights discriminated against Trivedi.

92.     The remarks and conduct directed toward Trivedi were made with malice or reckless indifference in violation of his rights under the Illinois Human Rights Act.

93.     Trivedi has suffered and continues to suffer irreparable injury as a result of Katalyst's illegal retaliatory activity.

94.     As a direct and proximate consequence of Katalyst's unlawful and discriminatory termination of Trivedi, she suffered and continues to suffer, a loss of income, including salary and benefits, as well as physical and emotional pain, anguish and suffering.

## COUNT XII

## RETALIATION FOR REQUESTING AN ACCOMMODATION FOR DISABILITY (PROTRUDING DISC)

### (Americans with Disabilities Act)

95.     Trivedi restates and realleges paragraphs 1 through 19 as though fully stated herein.

96.     Trivedi is an otherwise qualified individual with a disability, or perceived disability, as defined in the ADA.

97.     Katalyst was required to discuss and reasonably accommodate, if necessary, Trivedi's known or perceived disability, but by its actions failed to do either, choosing instead to terminate Trivedi.

98.     In July 2017, Trivedi requested accommodations in the form of time off from work or the ability to work from home.  Within a short period of time after engaging in this protected activity, Katalyst, by and through its agents, representatives and/or employees retaliated against Trivedi by terminating her in response.

99.     Katalyst intentionally, willfully and/or with a knowing and/or reckless disregard for Trivedi's rights discriminated against Trivedi.

100.     As a direct and proximate consequence of Katalyst's unlawful and discriminatory termination of Trivedi, she suffered and continues to suffer, a loss of income, including salary and benefits, as well as physical and emotional pain, anguish and suffering.

## COUNT XIII

## AMERICANS WITH DISABILITIES ACT

### (Punitive Damages)

101.    Trivedi restates and realleges paragraphs 1 through 100 as though fully stated herein.

102.    Trivedi is an otherwise qualified individual with a disability, or perceived disability, as defined by the Americans with Disabilities Act.

103.    Katalyst was required to discuss and reasonably accommodate, if necessary, plaintiff's known or perceived disability and chose instead to terminate plaintiff.

104.    Katalyst intentionally, willfully and /or with a knowing and/or reckless disregard for plaintiff's rights discriminated against Trivedi.

105.    As a direct and proximate consequence of Katalyst's unlawful and discriminatory termination of Trivedi, she suffered and continues to suffer, a loss of income, including salary and benefits, as well as physical and emotional pain, anguish and suffering.

WHEREFORE, as to Counts II, IV, VI, VIII, X, XII, XIII, plaintiff, Sonal Trivedi, respectfully requests that this Honorable Court enter an Order for the following relief:

a.      Katalyst reinstate Trivedi to her former position or to a comparable position with respect to pay, benefits and responsibilities, or if reinstatement is not practicable, that defendants compensate Trivedi with front pay and reimbursement of all lost employee benefits;

b.      Katalyst make Trivedi whole by paying for lost back pay and employee benefits;

c.      Trivedi be awarded the cost of this suit, reasonable attorneys' fees, expert witness fees, and any other relief available under the ADA, including compensatory and punitive damages;

d.      Any other relief which this Court deems appropriate.

WHEREFORE, plaintiff Sonal Trivedi, as to Counts I, III, V, VII, IX, XI, respectfully requests that this Honorable Court enter an Order for relief pursuant to §775 ILCS 5/8 including but not limited to the following:

a.  Katalyst cease and desist from any violation of the Illinois Human Rights Act;

b.  Katalyst pay actual damages for injury and loss suffered by Trivedi;

c.  Katalyst hire, reinstate, or upgrade Trivedi with or without back pay or provide such fringe benefits as the plaintiff may have been denied;

d.  Katalyst pay to Trivedi all of the costs of maintaining this action, including reasonable attorneys' fees, expert witness fees incurred in maintaining this action before the Department, the Commission, this Court and in any judicial enforcement proceedings;

e.  Katalyst shall report as to the manner of compliance;

f.  Katalyst shall post notices in a conspicuous place which the Commission and/or the Court may publish or cause to be published setting forth the requirements of the Illinois Human Rights Act or other relevant information which the Commission or the Court determines necessary to explain this Act;

g.  To take such action as is necessary to make the individual complainant whole including, but not limited to, awards of interest on the complainant's actual damages and backpay from the date of the civil rights violation;

h.  Any and all such further relief this Court deems just and proper.

### Jury Demand

Trivedi requests a trial by jury on all counts properly submissible to a jury.

Respectfully Submitted,

Favaro & Gorman, Ltd.

By:  */s Patricia L. Jochum*
Patricia L. Jochum, one of the
plaintiff's attorneys

Dennis R. Favaro
_dfavaro@favarogorman.com_
Patricia L. Jochum
_pjochum@favarogorman.com_
Favaro & Gorman, Ltd.
835 Sterling Avenue
Suite 100
Palatine, Illinois 60067
(847) 934-0060

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy Act Statement before completing this form.

# 18M1201.23

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ IDHR | 2018CF1206 |
| ☐ EEOC | |

## Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINT (indicate Mr. Ms. Mrs.) | TELEPHONE NUMBER (include area code) |
|---|---|
| Ms. Sonal Trivedi | (312) 785-9845 |

| STREET ADDRESS | CITY, STATE, ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 5957 North Knox Avenue | Chicago, Illinois 60646 | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE, LIST BELOW)

| NAME OF RESPONDENT | NUMBER OF EMPLOYEES, MEMBERS +15 | TELEPHONE NUMBER (include area code) |
|---|---|---|
| Katalyst Technologies, Inc. | | (847) 425-4321 |

| STREET ADDRESS | CITY, STATE, ZIP CODE | COUNTY |
|---|---|---|
| 500 Davis Street, #701 | Evanston, Illinois 60201 | Cook |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) LATEST (ALL) |
|---|---|
| Americans with Disabilities Act, Retaliation | July, 2017 - August 7, 2017 |
| | ☐ CONTINUING ACTION |

IDHR INTAKE
DEC 1 '17 PM2:40
Pa

S E E   A T T A C H E D

Page 1 of 2

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME

THIS 30th DAY OF November

NOTARY SIGNATURE

NICOLA MICHEL
Official Seal
Notary Public - State of Illinois
My Commission Expires Apr 8, 2020

NOTARY STAMP

X _____ Trivedi
SIGNATURE OF COMPLAINANT          DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that is is true to the best of my knowledge, information and belief

EEO-5 FORM (Rev. 05/14-INT)

Exhibit A

 

**STATE OF ILLINOIS**
**ILLINOIS DEPARTMENT OF HUMAN RIGHTS**

| | |
|---|---|
| **CHICAGO OFFICE** | **SPRINGFIELD OFFICE** |
| DEPARTMENT OF HUMAN RIGHTS | DEPARTMENT OF HUMAN RIGHTS |
| 100 W RANDOLPH ST., SUITE 10-100 | 222 S. COLLEGE ST., ROOM 101 |
| CHICAGO, ILLINOIS 60601 | SPRINGFIELD, ILLINOIS, 62704 |
| (312) 814-6200 | (217) 785-5100 |
| (866) 740-3953 (TTY) | (866) 740-3953 (TTY) |

CHARGE NO: _____

<u>**CHARGE OF DISCRMINIATION**</u>

<u>**COMPLAINANT**</u>

Name Sonal Trivedi
Address 5957 North Knox Avenue
City, State ZIP Chicago, Illinois 60646
Telephone Number (312) 785-9845

**I believe that I have been personally aggrieved by a civil rights violation committed on**

(date/s of harm):  July, 2017 - August 7, 2017 _____ , by:

<u>**RESPONDENT**</u>

Name Katalyst Technologies, Inc.
Address 500 Davis Street, #701
County Cook
City, State ZIP Evanston, Illinois 60201
Telephone Number (847) 425-4321

IDHR INTAKE
DEC 1 '17 PM2:40

<u>**SEE ATTACHED**</u>

I, <u>Sonal Trivedi</u> _____ on oath or affirmation state that I am Complainant herein,
that I have read the foregoing charge and know the contents thereof, and that the same is true and
correct to the best of my knowledge.

_Sonal Trivedi_ 10/30/17
**Complainant's Signature and Date**

Subscribed and Sworn to

Before me this 30th day

of November , 2017.

_[signature]_
**Notary Public Signature**

NICOLA MICHEL
Official Seal
Notary Public - State of Illinois
My Commission Expires Apr 8, 2020

**Notary Stamp**

IDHR Form #6
Rev 05/15

 

_Sonal Trivedi v. Katalyst Technologies, Inc._

I.    **A. ISSUE / BASIS**

Lack of Accommodation in July, 2017 Due to Disability / Cancer.

**B. PRIMA FACIE ALLEGATIONS**

1.   I have disabilities in that I have been diagnosed with a protruding disc and cancer.

2.   I began working for respondent on or about September 20, 2016.

3.   My most recent position was Director of Strategic Initiatives.

4.   At all times relevant hereto, I performed my job duties in a manner which met the reasonable expectations of Respondent.

5.   On or about July 9, 2017, I made a request to Rahul Shah, CEO for unpaid leave from July 14, 2017 to August 7, 2017 due to my protruding disc and the need for medical treatment related thereto.

    I also disclosed that I had undertaken an MRI which revealed I had a growth/nodule on my thyroid, and the test had come back positive. As an alternative to the leave, I requested the ability to work from home. I also appraised Shobha Shah, COO (Rahul Shah's wife) about this situation.

5.   On or about July 17, 2017, I informed Rahul Shah and Shobha Shah that it was confirmed that I had cancer. Treatment would take 2-3 months, and I would require surgery which was scheduled for September 21, 2017. I further stated that the doctors told me I would be able to return to work within one week thereafter.

6.   On July 24, 2017, I made an inquiry about whether I had long term disability benefits.

7.   On July 26, 2017, Shobha Shah, COO requested that I submit my company laptop computer.

8.   On July 28, 2017, Shobha Shah told me that long term disability benefits would not be available to me, for the company did not offer them.

9.   On July 31, 2017, I informed the Shahs that I would need to be absent from work for medical treatment from 08/16-08/19, 2017 and 8/30-9/2, 2017 for medical treatment related to my protruding disc. I also stated that the surgery for my

 

**Sonal Trivedi v. Katalyst Technologies, Inc.**

thyroid cancer was scheduled for September 21, 2017, and I anticipated returning one week later.

10. On August 1, 2017, I was informed my employment was terminated effective August 7, 2017.

11. The stated reason was that they needed help immediately, and I had not completed all of my tasks timely.

12. I believe the stated reason was pre-text for discrimination. My work was good.

13. I believe I have been subjected to discrimination (lack of accommodation) on the basis of my disability, cancer in violation of the Illinois Human Rights Act and the Americans with Disabilities Act.

II.   A.      **ISSUE / BASIS**

Termination on August 7, 2017 Due to My Disability, Cancer.

    B.      **PRIMA FACIE ALLEGATIONS**

1. Complainant restates and realleges as though fully set forth herein paragraphs 1 through 13 above.

2. I believe I have been subjected to discrimination (termination) on the basis of my disability, cancer in violation of the Illinois Human Rights Act and the Americans with Disabilities Act.

III.   A.      **ISSUE / BASIS**

Retaliation on August 7, 2017 Due to My Disability, Cancer.

    B.      **PRIMA FACIE ALLEGATIONS**

1. Complainant restates and realleges as though fully set forth herein paragraphs 1 through 13 above.

2. I believe I was terminated for asking for an accommodation (leave of absence) for my disability, cancer.

2

 

Sonal Trivedi v. Katalyst Technologies, Inc.

3. I believe I have been subjected to discrimination (retaliation) on the basis of my disability, cancer in violation of the Illinois Human Rights Act and the Americans with Disabilities Act.

**IV. A. ISSUE / BASIS**

Lack of Accommodation in July, 2017 Due to Disability-Protruding Disc.

**B. PRIMA FACIE ALLEGATIONS**

1. Complainant restates and realleges as though fully set forth herein paragraphs 1 through 13 above.

2. I believe I have been subjected to discrimination (lack of accommodation) on the basis of my disability, protruding disc in violation of the Illinois Human Rights Act and the Americans with Disabilities Act.

**V. A. ISSUE / BASIS**

Termination on August 7, 2017 Due to My Disability-Protruding Disc.

**B. PRIMA FACIE ALLEGATIONS**

1. Complainant restates and realleges as though fully set forth herein paragraphs 1 through 13 above.

2. I believe I have been subjected to discrimination (termination) on the basis of my disability, protruding disc in violation of the Illinois Human Rights Act and the Americans with Disabilities Act.

**VI. A. ISSUE / BASIS**

Retaliation on August 7, 2017 Due to My Disability-Protruding Disc.

**B. PRIMA FACIE ALLEGATIONS**

1. Complainant restates and realleges as though fully set forth herein paragraphs 1 through 13 above.

3

 

Sonal Trivedi v. Katalyst Technologies, Inc.

2. I believe I was terminated for asking for an accommodation (leave of absence) for my disability, protruding disc.

3. I believe I have been subjected to discrimination (retaliation) on the basis of my disability, protruding disc in violation of the Illinois Human Rights Act and the Americans with Disabilities Act.

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

RECEIVED

APR 17 2019

BY: ___

| To: | Sonal Trivedi<br>c/o Patricia L. Jochum, Esq.<br>Favaro & Gorman, Ltd. Attorneys At Law<br>835 Sterling Avenue, Suite 100<br>Palatine, IL 60067-2246 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2018-00454 | Daniel Lim,<br>State & Local Coordinator | (312) 869-8082 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Julianne Bowman*/dll                                    4/15/2019

Enclosures(s)

**Julianne Bowman,
District Director**

(Date Mailed)

cc:

**KATALYST TECHNOLOGIES INC**
c/o Chief Executive Officer
500 Davis St
Evanston, IL 60201

*Exhibit B*